# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| RONALD EMMETT, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. H-05-1991 |
| § | |
| STEPHEN MARK STRAWN, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND OPINION

The following motions are pending before this court:

• Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket Entry No. 3).

• Defendant's Motion for a More Definite Statement (Docket Entry No. 3).

• Defendant's Motion for Sanctions against Ronald Emmett Moore (Docket Entry No. 6).

Based on a careful review of the pleadings, the motions, the parties' submissions, the evidence, the arguments of counsel, and the applicable law, this court grants the defendant's motion to dismiss for lack of jurisdiction. The motion for a more definite statement and the motion for sanctions are denied without prejudice as moot. The reasons are stated below.

## I.  Background

The defendant, S. Mark Strawn, filed a personal injury lawsuit in Texas state court on behalf of a client against Dr. Ronald Emmett Moore, alleging dental malpractice. Ronald Emmett Moore filed a *pro se* suit against Strawn in this court on June 7, 2005, alleging that the state court suit against him was without merit. Strawn responded on June 28, 2005 with a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction or, in the alternative, a Rule 12(e) motion for a more definite statement.

On July 1, 2005, Moore filed in the Polk County deed records what purports to be—but was not—a default judgment issued in this federal suit against Strawn. Strawn responded to this action by filing a motion for sanctions against Moore on August 10, 2005. This court set a hearing on the motions. Strawn appeared. Moore did not.

## II.  The Lack of Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 915 (5th Cir. 2001). Under Rule 12(b)(1), a plaintiff's claim must be dismissed when the court lacks jurisdiction over the subject matter of that claim. There are two possible sources of federal jurisdiction for a district court: federal question jurisdiction, for cases arising under the Constitution or federal law, and cases involving diversity of citizenship. 28 U.S.C. §§ 1331, 1332. A district court may dismiss a case for want of subject matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts. *Barrera-Montenegro v. United*

*States*, 74 F.3d 657, 659 (5th Cir. 1996).  The burden to establish jurisdiction is on the party asserting jurisdiction.  *Howery*, 243 F.3d at 915.

The lack of federal question jurisdiction is clear on the face of this case.  Federal question jurisdiction arises when a plaintiff sets forth allegations "founded on a claim or right arising under the Constitution, treaties or laws of the United States."  28 U.S.C. § 1441(b); *See also* 28 U.S.C. § 1331; *Hart v. Bayer Corp.*, 199 F.3d 239, 243 (5th Cir. 2000).  Whether a case supports federal question jurisdiction is determined by the well-pleaded complaint rule.  *Hart*, 199 F.3d at 243 (citing *Louisville & Nashville R.R. v. Mottley*, 211 U.S. 149, 152–53 (1908)).  If, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking.  *Id.* (citing *Franchise Tax Bd. v. Laborers Vacation Trust*, 463 U.S. 1, 10 (1983)).  Although Moore references admiralty law, he does not allege any admiralty-related causes of action.  Moore's claim alleges only that Strawn brought against him an unfounded state-law malpractice suit.  (Docket Entry No. 1, p. 3).  This is not a cause of action arising under federal law.

The parties in this case are not diverse.  Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy that exceeds $75,000.  28 U.S.C. § 1332(a).  Although Moore alleges diversity jurisdiction, the Civil Cover Sheet of Moore's pleading says that Moore is a resident of Polk County, Texas, and that Strawn is a resident of Harris County, Texas.  (Docket Entry No. 1).  For the purposes of determining diversity, a person's current residence is assumed to be his domicile until proven otherwise.  13B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, EDWARD H. COOPER, FEDERAL PRACTICE &

PROCEDURE § 3612 (2d ed. 1984); *Id.* § 3611 (discussing domicile as the benchmark in determining diversity). Because both parties are residents of Texas, there is no diversity. **III.**

### The Motion for Sanctions

On July 1, 2005, Moore filed in the Polk County deed records what purports to be a default judgment issued by this court, in this action, against Strawn. (Docket Entry No. 6, Ex. A). Moore apparently prepared this false "judgment" himself and presented it as a court document. It is not. This court has not issued a default judgment against Strawn.

Federal courts enjoy wide power to sanction conduct that disrupts or undermines their authority, "both conduct before the court and that beyond the court's confines." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991). Given the lack of subject matter jurisdiction, this case is dismissed, and this court issues no sanctions today. This court admonishes Dr. Moore that if he again takes similar actions in the future, he may be subject to monetary or other sanctions. The purported "default judgment" filed by Dr. Moore was not a judgment issued by this court. This action is dismissed.

SIGNED on September 12, 2005, at Houston, Texas.

_____
Lee H. Rosenthal
United States District Judge